```
David N. Chandler, Sr.  SBN 60780
David N. Chandler, Jr.  SBN 235427
DAVID N. CHANDLER, p.c.
1747 Fourth Street
Santa Rosa, CA  95404
Telephone: (707) 528-4331

Attorneys for Plaintiffs
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: | CASE NO. 08-11751 |
| DONALD RAY PARKER, and<br>MONICA LINDSAY PARKER, | CHAPTER 13 |
| DEBTORS.     / | A.P. No. |
| DONALD RAY PARKER, and<br>MONICA LINDSAY PARKER, | |
| Plaintiffs, | |
| v. | |
| BMW FINANCIAL SERVICES, | COMPLAINT FOR VIOLATION |
| Defendant.     / | OF AUTOMATIC STAY |

Plaintiffs allege:

1. This Court has jurisdiction over the within matter pursuant to 28 U.S.C. Section 1334.

2. The within proceeding is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(A), (G) and (O).

3. On or about August 26, 2008 Plaintiffs filed their petition for relief pursuant to Chapter 7 of Title 11 U.S.C.

4. On or about November 25, 2008, Plaintiffs received their discharge pursuant to Order of this Court.

5. BMW Financial Services was listed in Schedule G as a party to an executory contract under which Plaintiff's leased a vehicle. By its own terms the vehicle lease was set to expire

in or about May, 2009.

6. Plaintiff's executory contract with BMW Financial Services is deemed rejected pursuant to 11 U.S.C. Section 365(d)(1).

7. On or about September 22, 2008, BMW Financial Services, without the knowledge or consent of Plaintiffs, debited $1,861.89 from Plaintiffs' bank account.

8. Despite Plaintiffs' efforts, BMW Financial Services failed and refused and continues to fail and refuse to return the funds to Plaintiffs.

FIRST CLAIM FOR RELIEF

(Violation of 11 U.S.C. Section 362)

9. Plaintiffs re-allege and incorporate by reference paragraphs 1-8.

10. Defendant was given notice of Plaintiff's bankruptcy filing and received the Notice of Commencement of Case. Plaintiffs further provided notice by sending multiple letters to Defendant requesting that the funds be returned to Plaintiffs.

11. Defendant acted intentionally and with full knowledge of the commencement of the case when it debited $1,861.89 from Plaintiffs' bank account in violation of the automatic stay provided in 11 U.S.C. Section 362.

12. Defendant's conduct was wilful and vexatious and entitles Plaintiffs to recover damages as provided in 11 U.S.C. Section 362 including fees, costs and punitive damages.

WHEREFORE, Plaintiffs pray judgment as to Defendant as follows:

1. For general damages according to proof;
2. For punitive and exemplary damages;
3. For reasonable attorneys fees incurred herein;
4. For costs of suit; and
5. For such other and further relief as the Court deems just and proper.

Dated:   11/25/08                    DAVID N. CHANDLER, p.c.


                                     By: */s/David N. Chandler, Jr.*
                                     David N. Chandler, Jr.
                                     Attorney for Plaintiffs